IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **S.C. #1, et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| vs. | )  **CIVIL ACTION NO. 09-0661-CG-B** |
| | ) |
| **SHERIFF JAMES LOVETTE, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

On October 8, 2009, plaintiff S.C. #1 and plaintiff S.C. #2 filed a lawsuit against defendants, Sheriff James Lovette, Greg Ray, and Ricky Ward, each in their individual capacity, asserting that the defendants violated their federal rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizures, under the Eighth Amendment to be free from cruel and unusual punishment, and under the due process clause of the Fourteenth Amendment (42 U.S.C. § 1983). The plaintiffs also allege state law claims of negligence and wantonness. In their complaint, the plaintiffs each maintain that they were sexually assaulted while incarcerated at the Choctaw County Jail in Choctaw County, Alabama. (Doc. 1). On October 12, 2009, the plaintiffs filed a motion to have their complaint and the court file be protected under seal of this court. (Doc. 4).

Federal Rule of Civil Procedure 5.2(d) provides that "the court may order that a filing be made under seal without redaction." The Advisory Committee Notes state that this rule "does not limit or expand judicially developed rules that govern sealing." The Eleventh Circuit has established that for a court to conceal the record of an entire case, thus "making no distinction between those documents that are sensitive or privileged and those that are not," the plaintiffs

must show that "'the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)(quoting Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985); citing Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1015-16 (11th Cir. 1992)).

The plaintiffs assert they "have a very strong interest in protecting their identities and privacy from the prying eyes of the public" and that "the plaintiffs have already been subjected to humiliation and embarrassment associated with obtaining treatment for the sexually [sic] abuse committed against them and reporting of the sexual abuse to proper authorities." The plaintiffs "hope to avoid discovery of their identity by members of the public not connected with the present action" by having this court place the entire case under seal. (Doc. 4). In light of the plaintiffs' assertions, this court does not find that denying access to the entire case is necessitated by any compelling governmental interest. As a result, the court denies the plaintiffs' motion to place their complaint and the court file under seal.

However, Federal Rule of Civil Procedure 5.2(e) provides that "for good cause" a court may "require redaction of additional information." As a result, this court finds that good cause exists to require all filings filed by the parties in this case to refer to the plaintiffs as "plaintiff S.C. #1" and "plaintiff S.C. #2"[1]

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to have complaint and court file placed

---

[1] If the plaintiffs have middle initials that would serve to distinguish their names, which are currently identified only by first and last names that have the same initials, they may opt to file a notice, under seal, stating those initials and which plaintiff the initials identify, so that future filings may identify the plaintiffs by initials only, without the #1 and #2. Any such notice shall be filed no later than October 23, 2009.

under seal (Doc. 4) is **DENIED**.  It is further **ORDERED** that:

(1) The parties shall file two copies of any pleading that is filed with this court that identifies either of the plaintiffs by name.  The first copy shall refer to the plaintiffs as "plaintiff S.C. #1" and "plaintiff  S.C. #2" (or by to-be designated initials)  and will be published on the electronic case filing system.  The second copy shall refer to the plaintiffs without redaction and will filed under seal.

(2) The plaintiffs shall supply the court with a similarly redacted copy of the Complaint (Doc. 1) and Motion to Have Complaint and Court File Placed Under Seal (Doc. 4), and the court will substitute the redacted copies of the documents for the public record, while sealing the copies previously filed that identify the plaintiffs by their names.

The clerk is directed to correct the docket sheet entries to display only the redacted identities of the plaintiffs.

**DONE and ORDERED** this 20th day of October, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE